No. 2901                  Northern                  Middlesex, ss.
BRANDOLINO                                          (John Finelli)
v. CARRIG   (Arthur E. Bean, Joseph Fine, Abraham I. Fine)

From the Second District Court of Eastern Middlesex—
Duane, J.

Argued May 19, 1941—Opinion Filed July 14, 1941

JONES, P. J. (Wilson, & Henchey, JJ.)—The report in this case is not free from ambiguity in the following respects:

After the trial, as appears by the report, evidence was introduced tending to show that a contractor had entered into a contract whereby the contractor was to dig cellars and build homes thereon, seven in number, for the defendant.

There was evidence also tending to show that the contractor in digging the cellars threw the dirt excavated on the plaintiff's land causing his damage.

In the rulings made by the court, it is stated that, "there was evidence tending to show that the plaintiff is entitled to recover and the court so finds"; and a request of plaintiff is refused "for the reason that there is evidence tending to show that the trespass and injury to plaintiff's land was done by defendant, his agents or servants and the court so finds"; and a further similar finding as a fact that "defendant, his servants or agents committed a trespass and did substantial damage to plaintiff's property."

Who these servants or agents may be is not found and the only evidence regarding person or persons of such character is the evidence relating to a contractor who is acting under agreement.

The report in this case is therefore recommitted to the trial judge under the provisions of Rule XXVIII of the Rules of the District Courts, on page 29, which provides that the Appellate Division "may at any time recommit the same (the report) for amplification, correction, or other amendment," and we now exercise that authority by calling for further facts in the following respects:

1. Does the court find as a fact that the "written agree-

ment" between the defendant and the contractor, (referred to on page one of the report), was actually made between the parties and the work of building the cellars and the throwing of the dirt on the plaintiff's land was the work of the contractor or that of the defendant.

2. Who did the damage complained of?